| **State Farm. Mut. Auto. Ins. Co. v Global Surgery Ctr., LLC** |
|:---:|
| 2023 NY Slip Op 34543(U) |
| December 29, 2023 |
| Supreme Court, New York County |
| Docket Number: Index No. 150214/2022 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ

*Justice*

PART     47

---------------------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff,

- v -

GLOBAL SURGERY CENTER, LLC,

Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150214/2022 |
| MOTION DATE | 07/25/2023 |
| MOTION SEQ. NO. | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43

were read on this motion to/for     RENEW/REARGUE/RESETTLE/RECONSIDER .

Plaintiff moves pursuant to CPLR § 2221(d) to reargue plaintiff's prior motion, motion sequence 001, for summary judgement and to dismiss the counterclaims by defendant ("Global"). Plaintiff argues that the court misapprehended matters of law in the decision and order dated July 3, 2023 which denied plaintiff's motion for summary judgement (NYSCEF Doc No 30).

## PROCEDURAL HISTORY

This action arose out of an alleged motor vehicle collision on June 22, 2019 in which non-parties Daville Campbell and Dominique Henley ("Claimants") were driving in a car which was insured by plaintiff (NYSCEF Doc No 13 at ¶ 5-6). The Claimants reported that they had suffered serious bodily injuries as a result of the collision and began receiving treatment from various medical providers including defendant (*id*. at ¶ 9). Defendant submitted bills to plaintiff associated with the medical treatment provided to the Claimants (*id*.). Plaintiff conducted an

**150214/2022 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. GLOBAL SURGERY CENTER, LLC**
**Motion No. 002**

**Page 1 of 6**

investigation and upon the belief that the alleged injuries of the Claimants did not arise from the June 22, 2019 incident, denied defendant's claims.

On September 2, 2020, defendant submitted a demand for arbitration (NYSCEF Doc No 1). An arbitration hearing was then held on July 16th, 2021 where the arbitrator granted Global's claim in its entirety finding that "[b]ased upon the totality of the evidence, I find that the respondent has not met its burden to demonstrate that the incident of June 22, 2019 was an uninsurable event" and awarded defendant $8,622.65 (*In the Matter of the Arbitration between Global Surgery Center LLC / Daville Campbell and State Farm Mutual Automobile Insurance*, 17-20-1177-5920 [July 16 2021] [Hill, Lester, Arb.]). This award was then affirmed by a master arbitrator on November 9, 2021 (*In the Matter of the Arbitration between Global Surgery Center LLC / Daville Campbell and State Farm Mutual Automobile Insurance*, 99-20-1177-5920, [Nov. 9, 2021] [Hon. Alfred J. Weiner, Arb.]).

Prior to either of these arbitration hearings on August 27, 2020 plaintiff filed a separate action against various medical providers including defendant (*State Farm Mut. Auto. Ins. Co. v Acutus RX, LLC et. al,* SC NY Co, Index No 156849/2020) seeking declaratory judgement that it owed no duty to pay the No-Fault claims of the defendants alleging that the automobile collision was staged by the Claimants (Index No 156849/2020, NYSCEF Doc 1). Global along with 21 other named defendants in that action never filed an answer and on June 28, 2021, plaintiff moved for default judgement against the non-answering defendants (Index No 156849/2020, NYSCEF Doc No 53). Global again did not appear or file any opposition to the motion and on September 21, 2021 by decision an order this court granted plaintiff's motion for default judgement and further ordered that "all no-fault lawsuits and arbitrations brought by the defaulting defendants are permanently stayed" (Index No 156849/2020, NYSCEF Doc No 53).

**150214/2022   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. GLOBAL SURGERY CENTER, LLC**
**Motion No.  002**                                                              **Page 2 of 6**

2 of 6

The instant action was filed on January 7, 2022 pursuant to NY INS § 5106 which allows an insurer to appeal an award by a Master Arbitrator for No-Fault benefits if the award exceeds $5,000 and the insurer may demand a trial de novo (NYSCEF Doc No 1). Plaintiff, like in the previous suit, is seeking a declaratory judgement that they owe no duty to pay the bills submitted by defendant in connection with services provided to Claimants allegedly stemming from the June 22, 2019 automobile collision.

Then on, April 27, 2023 plaintiff pursuant to CPLR § 3212 moved for summary judgement on the grounds of res judicata and collateral estoppel and to dismiss the defendant's counterclaims for attorney's fees (NYSCEF Doc No 12). By decision and order dated June 30, 2023 this court denied plaintiff's motion because "the issue of fraud was not actually litigated in the prior declaratory judgment action as the judgment was rendered on default" (*Rojas v. Romanoff*, 186 AD3d 103, 109 [1st Dept 2020]).

## DISCUSSION

Plaintiff seeks leave to reargue pursuant to CPLR § 2221(e) on the grounds that the court overlooked or misapprehended matters of fact or law in deciding the previous motion. Specifically, plaintiff argues that the court applied the element of "actually litigated" discussed in the cited *Rojas* decision to both res judicata, or claim preclusion, and collateral estoppel, or issue preclusion, when that element is only relevant in matters of issue preclusion. Defendant opposes the motion arguing that plaintiff is merely seeking to reargue positions that were previously decided (NYSCEF Doc No 43). Defendant also argues that plaintiff failed to properly serve defendant in the prior declaratory judgement action, making that judgement null and void, and therefore not appropriate for claim preclusion uses (*id.*).

**150214/2022   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. GLOBAL SURGERY CENTER, LLC**
**Motion No.  002**

**Page 3 of 6**

3 of 6

*Claim Preclusion and Issue Preclusion*

"Claim preclusion, the primary aspect of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties" *(Rojas*, 186 AD3d at 107). On the other hand, "issue preclusion … historically called collateral estoppel, pertains to the bar on relitigating issues that were argued and decided in the first suit" (*id*.). The Court in *Rojas* laid out the following elements for when issue preclusion applies, "(1) after final adjudication; (2) of an identical issue; (3) actually litigated and necessarily decided in the first suit and (4) the issue was necessary to support a valid and final judgment on the merits" (i*d*. at 108). An issue has not actually been litigated for collateral estoppel purposes if it was determined on default. (*id*. at 109).

In contrast, claim preclusion applies when "in the earlier proceeding, petitioner alleged the same foundation facts and pressed for relief nearly identical to that requested in this proceeding. The final adjudication reached in the earlier proceeding must, under principles of Res judicata, or, more precisely, claim preclusion, bar the cause of action now asserted" (*Reilly v Reid*, 45 NY2d 24, 26 [1978]). "The doctrine of *res judicata* is applicable to a judgment taken by default which has not been vacated" (*Robbins v Growney*, 229 AD2d 356, 357 [1st Dept 1996]). When "submissions [are] sufficient to determine that viable declaratory judgment claims of noncoverage exist … by failing to answer, the defaulting defendants are deemed to have admitted the factual allegations in the complaint" (*State Farm Fire and Cas. Co. v AA Acupuncture Serv., P.C.*, 217 AD3d 643, 643 [1st Dept 2023]). "Furthermore, a judgment by default which has not been vacated is conclusive for res judicata purposes" (*83-17 Broadway Corp. v Debcon Fin. Services, Inc.*, 39 AD3d 583, 585 [2d Dept 2007])

**150214/2022   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. GLOBAL
SURGERY CENTER, LLC
Motion No. 002**

**Page 4 of 6**

4 of 6

Here, in the previous action for declaratory judgement, (*State Farm Mut. Auto. Ins. Co. v Acutus RX, LLC et. al,* SC NY Co, Index No 156849/2020) this court granted the default judgement against the non-answering defendants because it found the plaintiff submitted proof of service, proof of the facts constituting the claims, and proof of the default of the defendant. Therefore, defendant is deemed to have admitted the factual allegations in the complaint. While the "actually litigated" element is required when a party is attempting to invoke issue preclusion, it is not for issues of claim preclusion. Since the previous decision can be used for claim preclusion, the court misapplied the law in its prior decision and should have granted plaintiff's motion for summary judgement.

Defendant also makes several arguments regarding procedural issues with the June 28, 2021 default judgement from the prior action. Defendant argues that the plaintiff failed to properly serve the defendant in that prior action (NYSCEF Doc No 43 ¶ 12). Additionally, it argues that plaintiff failed to join a necessary party in that action (*id*. at ¶ 13). Defendant also argues that plaintiff did not follow proper procedure by not appealing the arbitration decision before bringing the prior declaratory judgement action.

The court cannot consider these arguments because "a litigant will not be heard to attack collaterally a matter which was or could have been determined in the prior litigation" (*Friedman v State*, 24 NY2d 528, 535 [1969]). "Orderly procedure and repose in litigation demand that available methods of direct review be used as a vehicle for the correction of alleged errors" (*id*.) Therefore, defendant's service, joinder, and procedural arguments must be raised in a motion to vacate the default judgement in the prior action and not in the instant action.

Accordingly, it is,

ORDERED that plaintiff's motion to reargue is granted; and it is further

**150214/2022   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. GLOBAL SURGERY CENTER, LLC**
**Motion No.  002**

**Page 5 of 6**

5 of 6

ORDERED that upon re-argument plaintiff's motion for summary judgement on claim preclusion grounds is granted; and it is further

ORDERED, ADJUDGED and DECLARED that plaintiff owes no duty to pay no-fault claims of defendant, arising out of the June 22, 2019 collision referenced in the complaint; and it is further

ORDERED that the defendant's cross motion to compel discovery is denied as moot; and it is further

ORDERED that the January 25, 2024 compliance conference is canceled.

2023122915094?PGOETZ16D45F3604006AB63AA5037CB9C89F7C0

| 12/29/2023 | | | |
|---|---|---|---|
| **DATE** | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150214/2022   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. GLOBAL SURGERY CENTER, LLC**
**Motion No.  002**

Page 6 of 6

6 of 6

[* 6]